Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ASOCIACIÓN DE PROPIETARIOS URBANIZACIÓN PALACIOS DEL RÍO II, INC.<br><br>Apelados<br><br>v.<br><br>FRANK RONALD NEGRÓN DÁVILA Y SU ESPOSA GLENDA LUZ GARCÍA ROSADO Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS, CORPORACIONES DESCONOCIDAS A, B, C, ASEGURADORAS A, B, C, DEMANDADOS DESCONOCIDOS X, Y, Z<br><br>Apelantes | KLAN202400099 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso número: BY2023CV00954<br><br>Sobre: Entredicho Provisional, Interdicto Preliminar y Permanente; Sentencia Declaratoria |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 12 julio de 2024.

Comparece la parte apelante, Frank Ronald Negrón Dávila, Glenda Luz García Rosado y la Sociedad Legal de Gananciales compuesta por ambos, y nos solicita que revoquemos la *Orden*, así como la *Sentencia* en rebeldía, emitidas y notificadas por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 15 de noviembre de 2023. Mediante dichos dictámenes, el foro primario declaró No Ha Lugar la solicitud de desestimación promovida por los apelantes declarados en rebeldía y declaró Ha Lugar la acción incoada por la parte apelada, Asociación de Propietarios de la Urbanización Palacios del Río II, Inc.

Por los fundamentos que exponemos a continuación, se confirman los dictámenes apelados.

Número Identificador

SEN2024 _____

**I**

El 21 de febrero de 2023, la Asociación de Propietarios de la Urbanización Palacios del Río II, Inc. (Asociación o apelada) incoó una acción sobre entredicho provisional, interdicto preliminar y permanente, así como sentencia declaratoria, en contra de Frank Ronald Negrón Dávila (Negrón Dávila), Glenda Luz García Rosado (García Rosado) y la Sociedad Legal de Gananciales compuesta por ambos (apelantes).[1] En síntesis, la Asociación alegó que los apelantes realizaron en su propiedad una obra de elevación del muro periferal de la Urbanización Palacios del Río II, la cual excedía la altura permitida y no tenía la autorización de esta; ello, en violación a las condiciones restrictivas contenidas en la escritura pública de la mencionada urbanización. En virtud de lo anterior, la Asociación solicitó, entre otras cosas, que se emitiera una sentencia declaratoria estableciendo los derechos de esta en torno a la protección de su servidumbre en equidad, así como el pago de costas, gastos y honorarios de abogado ascendentes a $10,000.00.

Posteriormente, el 20 de junio de 2023, la Asociación presentó una *Moción Solicitando Emplazamiento por Edicto*.[2] Expresó que, a pesar de los esfuerzos realizados, no había sido posible localizar a los apelantes para diligenciar los emplazamientos de forma personal. Acompañó la referida moción con una *Declaración Jurada* suscrita por la emplazadora Melissa Vélez Huertas el 20 de junio de 2023, en la cual esta última hizo constar las múltiples gestiones que realizó para diligenciar sin éxito los emplazamientos personales de los apelantes.[3] En vista de ello, solicitó la autorización del tribunal para diligenciar los emplazamientos correspondientes mediante edicto.

---

[1] Apéndice III del recurso, págs. 5-15.
[2] Apéndice VI del recurso, págs. 69-70.
[3] Íd., págs. 71-72.

Evaluado el petitorio, el 22 de junio de 2023, el Tribunal de Primera Instancia autorizó y ordenó los emplazamientos por edicto solicitados por la Asociación.[4] A esos efectos, al día siguiente, la Secretaría del foro primario expidió los emplazamientos correspondientes.[5]

Luego de varios trámites procesales, el 11 de septiembre de 2023, la Asociación informó que, el 27 de julio de 2023, los apelantes fueron emplazados mediante edicto publicado en el periódico El Nuevo Día.[6] Acreditó lo anterior mediante una declaración jurada intitulada *Afidávit,* suscrita por la representante del mencionado periódico, Yaritza Pérez Rivera, el mismo día de la publicación, así como copia del edicto publicado.[7] A su vez, indicó que, el 4 de agosto de 2023, remitió copia de la acción de epígrafe y del referido emplazamiento a los apelantes mediante correo certificado a la última dirección conocida de estos.[8] Por otro lado, la Asociación solicitó la anotación de rebeldía de los apelantes. Arguyó que había transcurrido el término aplicable para que, luego de ser emplazados por edicto, los apelantes comparecieran mediante una alegación responsiva, y no lo habían hecho. Añadió que tampoco habían solicitado oportunamente una prórroga a tales efectos. En virtud de ello, solicitó que se le anotara la rebeldía a la parte apelante conforme a lo establecido en la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1.

Atendida la solicitud, el 11 de septiembre de 2023, el foro apelado emitió y notificó una *Orden.*[9] Mediante dicho dictamen, el foro de instancia anotó la rebeldía de los apelantes, toda vez que

---

[4] Apéndice VII del recurso, pág. 81; Apéndice IX del recurso, págs. 86-88.
[5] Apéndice VIII del recurso, págs. 82-85.
[6] Apéndice X del recurso, págs. 89-90.
[7] Íd., págs. 91-92.
[8] Íd., págs. 93-99.
[9] Apéndice XI del recurso, pág. 100.

había expirado el término aplicable para que estos presentaran su alegación responsiva sin que comparecieran.

Así las cosas, el 25 de septiembre de 2023, sin someterse a la jurisdicción del foro de origen, los apelantes instaron una *Moción de Desestimación*, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[10] En esencia, arguyeron que la Asociación dejó de exponer una reclamación que justificara la concesión de un remedio; no adquirió jurisdicción sobre estos, al mediar insuficiencia en el diligenciamiento del emplazamiento por edicto; y por no tener jurisdicción sobre el poseedor inmediato del inmueble en cuestión, a quien se le debía considerar como parte indispensable. Sobre la presunta insuficiencia en el diligenciamiento del emplazamiento por edicto, indicaron que la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, requería que surgiera de la información contenida en el edicto el término dentro del cual la persona a ser emplazada debería contestar la demanda, según disponía la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, la cual establecía que era desde la fecha de publicación del edicto. Sostuvieron que, aunque se desprendía de la copia del recorte de periódico el término aplicable para contestar la demanda y las consecuencias de no hacerlo, del expediente judicial no surgía la fecha de publicación de dicho emplazamiento, ni el nombre del periódico a través del cual se publicó el edicto. Plantearon que, al no estar dicha información en ninguno de los documentos presentados por la Asociación, el tribunal de instancia debía concluir que el diligenciamiento del emplazamiento por edicto fue insuficiente y defectuoso, incumpliendo así con lo requerido por las Reglas de Procedimiento Civil. Por ello, sin someterse a la jurisdicción, solicitaron la desestimación, sin perjuicio, de la acción de epígrafe.

---

[10] Apéndice XII del recurso, págs. 101-115.

Por su parte, el 16 de octubre de 2023, la Asociación se opuso.[11] Alegó que los apelantes fueron debidamente notificados de la acción de epígrafe mediante emplazamiento por edicto y que había cumplido con todas las formalidades, así como con el proceso ordenado y autorizado por el foro primario a tales fines. Adujo que, del propio recuento de los apelantes en su solicitud de desestimación, titulado "hechos que no están en controversia", surgía y se reflejaba claramente la corrección del proceso de emplazamiento llevado a cabo en el presente caso. Sobre ello, arguyó que, al mencionar las fechas y términos de ley en dicha sección de la moción, los apelantes aceptaron y afirmaron el cumplimiento de esta con el estado de derecho vigente. Por tal razón, solicitó que se declarara No Ha Lugar la solicitud de desestimación presentada por la parte apelante.

Evaluados los planteamientos, el 15 de noviembre de 2023, el Tribunal de Primera Instancia emitió y notificó una *Orden*, mediante la cual declaró No Ha Lugar la solicitud de desestimación promovida por los apelantes. Determinó que había adquirido jurisdicción sobre estos.[12]

El mismo día, el foro primario emitió y notificó la *Sentencia* en rebeldía que nos ocupa, mediante la cual declaró Ha Lugar la acción incoada por la Asociación.[13] Concluyó que se había cumplido con el proceso de emplazamiento por edicto, por lo que asumió jurisdicción sobre Negrón Dávila, García Rosado y la Sociedad Legal de Gananciales compuesta por ambos. Resolvió que, transcurridos más de treinta (30) días desde que se publicó el emplazamiento por edicto sin que los apelantes acreditaran su alegación responsiva, ni solicitaran prórroga para ello, procedía la anotación de la rebeldía

---

[11] Apéndice XIV del recurso, págs. 117-125.
[12] Apéndice I del recurso, pág. 1.
[13] Apéndice II del recurso, págs. 2-4.

de los apelantes y, en su consecuencia, que se declarara Ha Lugar la acción de epígrafe. En vista de ello, ordenó a los apelantes a eliminar toda edificación ilegal existente en exceso de la medida establecida por el desarrollador en la escritura de condiciones restrictivas con relación al muro periferal de su residencia, estableciendo los derechos de la Asociación en torno a la protección de su servidumbre en equidad, así como el pago de costas, gastos y honorarios de abogado ascendentes a $10,000.00.

En desacuerdo, el 30 de noviembre de 2023, los apelantes presentaron una *Reconsideración*,[14] a la cual se opuso la Asociación el 18 de diciembre del mismo año.[15] En respuesta, el 20 de diciembre de 2023, la parte apelante replicó.[16] Atendidos los escritos de las partes, el 11 de enero de 2024, notificada al día siguiente, el foro *a quo* emitió una *Resolución* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[17]

Inconforme, el 5 de febrero de 2024, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR *SENTENCIA* EN REBELDÍA [EL] 15 DE NOVIEMBRE DE 2023.

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR *ORDEN* [EL] 15 DE NOVIEMBRE DE 2023, MEDIANTE LA CUAL CONCLUYE QUE ASUMIÓ JURISDICCIÓN SOBRE LAS PERSONAS COMPARECIENTES.

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN LA APLICACIÓN DEL ESTADO DE DERECHO, CONFORME FUE RESUELTO POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN CARIBBEAN ORTHOPEDICS V. MEDSHAPE, INC., *SUPRA,* A LA[S] PÁGS. 1 Y 14-15, CITANDO CON APROBACIÓN BANCO POPULAR V. SLG NEGRÓN, *SUPRA,* A LA PÁG. 874, A LOS FINES DE QUE LA PARTE APELADA DEBIÓ HABER INCLUIDO LA FECHA DE PUBLICACIÓN DEL EMPLAZAMIENTO POR EDICTO ENTRE LOS DOCUMENTOS REMITIDOS A LA PARTE COMPARECIENTE.

---

[14] Apéndice XVII del recurso, págs. 135-138.
[15] Apéndice XIX del recurso, págs. 140-146.
[16] Apéndice XX del recurso, págs. 147-149.
[17] Apéndice XXI del recurso, págs. 150-151.

INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN LA APLICACIÓN DEL ESTADO DE DERECHO, CONFORME FUE RESUELTO POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN CARIBBEAN ORTHOPEDICS V. MEDSHAPE, INC., *SUPRA*, A LA[S] PÁGS. 1 Y 14-15, CITANDO CON APROBACIÓN BANCO POPULAR V. SLG NEGRÓN, *SUPRA*, A LA PÁG. 874, EN LA MEDIDA EN QUE NO ORDENÓ A LA PARTE APELADA ENMENDAR EL EMPLAZAMIENTO POR EDICTO DENTRO DEL TÉRMINO DE 120 DÍAS, PRIVANDO AL TRIBUNAL *A QUO* DE SU JURISDICCIÓN SOBRE LAS PERSONAS DE LOS COMPARECIENTES.

En cumplimiento con nuestra *Resolución* del 7 de febrero de 2024, la parte apelada compareció mediante *Alegato en Oposición* el 8 de marzo de 2024.

En desacuerdo, el 12 de marzo de 2024, la parte apelante instó una *Breve Réplica a Alegato en Oposición*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

## A

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR

494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13, 213 DPR ___ (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

**B**

El Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, prohíbe que cualquier persona sea privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía está consagrada también en las Enmiendas V y XIV de la Constitución de los Estados Unidos. *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881 (1993). De conformidad con la cláusula constitucional del debido proceso de ley, un tribunal solo actuará sobre la persona de un demandado o demandada cuando haya adquirido jurisdicción sobre este o esta. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636 (2021); *Bernier González v.*

*Rodríguez Becerra*, 200 DPR 637, 644 (2018). Véase, además, *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021).

Reiteradamente, nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un tribunal adquiere jurisdicción *in personam. Ross Valedón v. Hosp. Dr. Susoni et al.*, 2024 TSPR 10, 213 DPR ___ (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra; *Bernier González v. Rodríguez Becerra*, supra; *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la parte demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Íd.* En virtud de ello, y por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su forma como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. De este modo, si se prescinde de los mismos, la sentencia que en su día recaiga carecerá de validez. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005); *Quiñones Román v. Cía ABC*, 152 DPR 367, 374 (2000).

Aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, por vía de excepción, las Reglas de Procedimiento Civil autorizan emplazar por edicto. *Banco Popular v. S.L.G. Negrón*, supra, pág. 865. Así, cuando la persona a ser emplazada, estando en Puerto Rico, no pueda ser localizada después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto. *Íd.*

Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, gobierna lo relacionado al emplazamiento por edicto y su publicación de la siguiente forma:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

[…]

(b) El contenido del edicto tendrá la información siguiente:

(1) Título—Emplazamiento por Edicto
(2) Sala del Tribunal de Primera Instancia
(3) Número del caso
(4) Nombre de la parte demandante
(5) Nombre de la parte demandada a emplazarse
(6) Naturaleza del pleito
(7) Nombre, dirección y número de teléfono del abogado o abogada de la parte demandante
(8) Nombre de la persona que expidió el edicto
**(9) Fecha de expedición**
**(10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1 de este apéndice, y la advertencia a los efectos de que[,] si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle**. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en [e]ste.

Si la demanda es enmendada en cualquier fecha anterior a la de la comparecencia de la parte demandada que haya sido emplazada por edictos, dicha demanda enmendada deberá serle notificada en la forma dispuesta por la regla de emplazamiento aplicable al caso.

[…]. (Énfasis nuestro).

De la citada regla se desprende que los requisitos para autorizar un emplazamiento por edicto se circunscriben a que se acredite al tribunal de instancia mediante declaración jurada las

diligencias para emplazar a la parte demandada, quien no ha podido ser emplazada por alguna de las causas que contempla el ordenamiento procesal civil y que aparezca también de la declaración o de la demanda presentada que existe una reclamación que justifica la concesión de un remedio.

El Tribunal Supremo de Puerto Rico ha expresado que, en caso de que la parte demandante presente una declaración jurada al foro primario a fin de justificar el emplazamiento por edicto, esta tiene que detallar todas las gestiones hechas para emplazar a la parte demandada y su contenido tiene que ser suficiente en Derecho para inspirar el convencimiento judicial necesario. *Global v. Salaam*, 164 DPR 474 (2005).

En cuanto a la prueba del diligenciamiento del emplazamiento, la Regla 4.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.7, dispone que:

> La persona que diligencie el emplazamiento presentará en el tribunal la constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer. Si el diligenciamiento lo realizó un alguacil o alguacila, su prueba consistirá en su declaración jurada. **En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda.** En los casos de emplazamiento comprendidos en las cláusulas (2) y (5) del inciso (b) de la Regla 4.3 de este apéndice se acreditará el diligenciamiento mediante una declaración jurada que establezca el cumplimiento con todos los requisitos establecidos o por la orden del juez o jueza. En el caso comprendido en la Regla 4.6 de este apéndice, se presentará el acuse de recibo de la parte demandada. La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez. La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del emplazamiento o su comparecencia hará innecesaria tal prueba. (Énfasis nuestro).

De las reglas antes referidas, surge que los requisitos más importantes del emplazamiento por edicto son: (1) la declaración jurada en la que se expresen las diligencias efectuadas para localizar a la persona a ser emplazada; (2) la publicación o diligenciamiento del emplazamiento por edicto dentro de los ciento veinte (120) días luego de ser expedido; y (3) que se le envió a la parte demandada copia de la demanda y del emplazamiento por correo certificado, a su última dirección conocida, dentro de los diez (10) días siguientes a la publicación del edicto. *Banco Popular v. S.L.G. Negrón*, supra.

Por su parte, la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, establece lo relacionado a cuándo se presentan las defensas y objeciones, entiéndase, la alegación responsiva. En lo aquí ateniente, dicho articulado dispone que, una parte demandada que se encuentre en o fuera de Puerto Rico, deberá notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda o de haberse publicado el edicto, si el emplazamiento se realizó conforme a lo dispuesto en la Regla 4.6 de Procedimiento Civil, *supra*.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

La parte apelante sostiene como primer señalamiento de error que el Tribunal de Primera Instancia incidió al dictar *Sentencia* en rebeldía. En su segundo señalamiento de error, plantea que el foro primario erró al asumir la jurisdicción sobre ella. Como tercer señalamiento de error, alega que el foro *a quo* incidió al no aplicar el derecho conforme a lo resuelto en *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021), citando con aprobación a *Banco Popular v. S.L.G. Negrón*, supra, a los fines de que la parte apelada debió incluir la fecha de publicación del emplazamiento por edicto entre los documentos remitidos a esta. Asimismo, arguye en su cuarto

y último señalamiento de error que el foro de origen erró al no aplicar el derecho según la citada jurisprudencia, en la medida en que no ordenó a la parte apelada enmendar el emplazamiento por edicto dentro del término de ciento veinte (120) días, privando al tribunal de instancia de su jurisdicción sobre las personas aquí comparecientes. Por estar relacionados entre sí, discutiremos los errores esbozados conjuntamente.

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable, y concluimos que el Tribunal de Primera Instancia no incidió al declarar No Ha Lugar la solicitud de desestimación presentada por los apelantes y al emitir la *Sentencia* en rebeldía, mediante la cual declaró Ha Lugar la acción de epígrafe incoada por la parte apelada. Nos explicamos.

Según indicamos anteriormente, la Regla 4.6 de Procedimiento Civil, *supra,* establece que el edicto utilizado para emplazar a una parte demandada tiene que contener, entre otras, la fecha de expedición de esta, el término dentro del cual la persona emplazada deberá contestar la demanda, según se dispone en la Regla 10.1 de Procedimiento Civil, *supra,* así como la advertencia a los efectos de que, si no contesta la acción ante el tribunal de origen, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado. Por otro lado, la Regla 4.7 de Procedimiento Civil, *supra,* establece que, en caso de que la notificación del emplazamiento se haga por edicto, se probará su publicación mediante la declaración jurada de la persona administradora o la agente autorizada del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda.

Del expediente ante nos surge que la parte apelante fue debidamente emplazada mediante edicto, publicado el 27 de julio de

2023 en el periódico El Nuevo Día. Como bien admite la parte apelante, en el referido edicto se incluyó la fecha de expedición de este, el término aplicable para contestar la demanda, las advertencias de no hacerlo, así como la demás información requerida por la Regla 4.6 de Procedimiento Civil, *supra*. Ello, se acreditó al foro primario mediante una copia del emplazamiento y una declaración jurada intitulada *Afidávit*, suscrita por una representante del mencionado periódico, en la cual aparece de forma clara y enfatizada la fecha de la publicación del edicto. Asimismo, la representación legal de la parte apelada presentó una moción mediante la cual certificó haber depositado en el correo una copia del emplazamiento y de la demanda, dirigida a la última dirección conocida de los apelantes. La apelada, además, evidenció lo anterior anejando al escrito copia de tales documentos. De dichos anejos, se desprende que la parte apelada también les notificó a los apelantes copia de la mencionada declaración jurada donde surge la fecha de la publicación del edicto, así como el nombre del periódico donde fue publicado. Incluso, la propia parte apelante reconoció lo anterior en su *Moción de Desestimación*, al señalar como hechos que no estaban en controversia, los siguientes:

> […]
>
> 7. El término para el diligenciamiento de los emplazamientos por edicto dentro de los 120 días[,] contados a partir del día siguiente de su expedición[,] comenzó el 24 de junio de 2023, por lo que, su vencimiento recaería el domingo, 22 de octubre de 2023, el cual[,] por ser día fin de semana, se correría al próximo día laborable, siendo este el lunes, 23 de octubre de 2023.
>
> 8. De los respectivos [e]mplazamientos por edicto[,] se le apercibe y notifica a los presuntos demandados que "si no contesta la demanda radicada en su contra dentro del término de treinta (30) días de la publicación de este edicto, se le anotará la rebeldía en su contra y se dictar[á] sentencia en su contra, conforme se solicita en la *Demanda*, sin más citarle, ni oírsele".] […]
>
> 9. El 23 de junio de 2023, el Tribunal notificó *Orden* sobre publicación de edicto de[l] 22 de junio de 2023,

mediante la cual, entre otros requisitos, dispuso que "dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo a las [ú]ltimas direcciones conocidas[".]

**10. El 27 de julio de 2023, el periódico El Nuevo Día publicó el [e]mplazamiento por edicto dirigido a Glenda Luz García Rosado, y la sociedad legal de bienes gananciales compuesta por Frank Ronald Negrón Dávila y a Frank Ronald Negrón Dávila, y la sociedad legal de bienes gananciales compuesta por Glenda Luz García Rosado.**

**11. El término que tenía la parte demandante para enviar a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo dentro de los 120 días siguientes a la publicación del edicto[,] comenzó el 28 de julio de 2023, por lo que, su vencimiento recaería el sábado, 5 de agosto de 2023, el cual[,] por ser día fin de semana, se correría al próximo día laborable, siendo este el lunes, 6 de agosto de 2023.**

12. La parte demandante remitió vía correo certificado copia solamente de la *Demanda* y el [e]mplazamiento por edicto a Frank Ronald Negrón Dávila el 2 de agosto de 2023; y el 4 de agosto de 2023, a Glenda Luz García Rosado, respectivamente, a la siguiente dirección postal: Urb. Palacio del Río II, 798 calle Tallaboa, Toa Alta, PR 00953.

13. El 11 de septiembre de 2023, la parte demandante presentó escrito intitulado, *Moción en cumplimiento de orden y solicitud de anotación de rebeldía*, con la cual sometió dos (2) archivos electrónicos, el primero de los cuales figura denominado como *Aff_publicacion_edicto_Frank*, y que contiene cuatro (4) folios, el primero siendo el *Afidávit* de mérito de la publicación del [e]mplazamiento por edicto dirigido a Frank Ronald Negrón Dávila, y la sociedad legal de bienes gananciales compuesta por Glenda Luz García Rosado, seguido en la próxima página del [r]ecorte del edicto, bajo el número de control, 87163763 (del cual no se colige la fecha de publicación ni el periódico a través de cual se publicó el emplazamiento); y[,] en la tercera (3ª) y cuarta (4ª) página[,] copia del anverso y reverso del [s]obre postal franqueado y dirigido a Frank R. Negrón Dávila; y el segundo (2º) archivo denominado *Aff_publicacion_edicto_Glenda_y_evidencia_de_correo* y que contiene cinco (5) folios, el primero siendo el *Afidávit* de mérito de la publicación del [e]mplazamiento por edicto dirigido a Glenda Luz García Rosado, y la sociedad legal de bienes gananciales compuesta por Frank Ronald Negrón Dávila, seguido en la próxima página del [r]ecorte del edicto, bajo el número de control, 87163762 (del cual no se colige la fecha de publicación ni el periódico a través de cual se publicó el emplazamiento); y en la tercera (3ª) y cuarta (4ª) página

copia del [h]istorial de envío de correo certificado a Glenda Luz García Rosado y en el quinto (5°) folio copia de los [t]alonarios correo certificado dirigidos a Frank R. Negrón Dávila y Glenda L. García Rosado.

14. El 11 de septiembre de 2023, el Tribunal notificó *Orden*, mediante la cual anotó la rebeldía a Frank R. Negrón Dávila y Glenda L. García Rosado.[18]

Cumplidos los requisitos consagrados por nuestro ordenamiento jurídico vigente, la parte apelante fue debidamente emplazada y, por consiguiente, el foro *a quo* obtuvo jurisdicción sobre esta. En ese sentido, la parte apelante tenía treinta (30) días desde la publicación del edicto para presentar su alegación responsiva, según exige la Regla 10.1 de Procedimiento Civil, *supra*. Transcurrido el término sin que los apelantes acreditaran ante el foro primario sus contestaciones a la acción incoada en su contra, dicho tribunal tenía que anotar la rebeldía de estos y, en su consecuencia, declarar Ha Lugar la acción de epígrafe, lo cual correctamente hizo en el presente caso.

Sabido es que, para que el tribunal adquiera jurisdicción sobre las partes, es indispensable que estas sean emplazadas conforme a Derecho. En el caso de autos, se cumplió con lo establecido en las Reglas 4.6 y 4.7 de Procedimiento Civil, *supra*. Por lo tanto, procedía la anotación de rebeldía de la parte apelante, que se declarara No Ha Lugar su solicitud de desestimación y que se declarara Ha Lugar la acción de epígrafe incoada por la parte apelada, tal y como lo realizó el Tribunal de Primera Instancia. Por consiguiente, concluimos que el foro primario actuó correctamente en su proceder, por lo cual los errores señalados no se cometieron. En conclusión, confirmamos tanto la *Orden* como la *Sentencia* en rebeldía apeladas.

---

[18] Apéndice XII del recurso, págs. 101-104. (Énfasis original omitido). (Énfasis nuestro).

**IV**

Por las razones que anteceden, confirmamos los dictámenes apelados.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones